# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY MCKNIGHT, ) | |
| ) | Case No. 2:25-cv-00234-KT |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Magistrate Judge Kezia O. L. Taylor |
| ) | |
| MANOR CARE NOTH OF PITTSBURGH ) | |
| PA, *doing business as* PROMEDICA ) | ECF No. 15 |
| SKILLED NURSING AND ) | |
| REHABILITAION (NORTH HILLS) ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM OPINION[1]

Pending before the Court is Defendant's Partial Motion to Dismiss. ECF No. 15. For the reasons that follow, Defendant's motion will be denied.

## I.  PROCEDURAL BACKGROUND

This case was removed from the Court of Common Pleas of Allegheny County, Pennsylvania pursuant to a Notice of Removal filed by Defendant Manor Care North of Pittsburgh Pa, LLC ("Manor Care North") on February 19, 2025.[2] *See* ECF No. 1. This case concerns professional negligence claims by Nancy McKnight ("Plaintiff") based on allegations that Manor Care North provided negligent care and treatment while she was a post-operative care patient at their facility in May of 2022. *See* ECF No. 1-2. Manor Care North has filed a Partial

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. ECF Nos. 13, 18. Therefore, the undersigned has the authority to decide dispositive motions and enter final judgment.

[2] This Court's jurisdiction is predicated on the diversity of the parties. *See* 28 U.S.C. §§ 1332, 1441.

Motion to Dismiss and Brief in Support.  ECF Nos. 15-16.  Plaintiff has responded to the motion, *see* ECF No. 19; accordingly, the motion is ripe for consideration.

## II.     FACTUAL BACKGROUND

Plaintiff was admitted to Manor Care North from May 28-June 3, 2022, for post-gall bladder surgery care.  ECF No. 1-2 ¶¶ 9, 17.  By the time Plaintiff was discharged, she had a "massive area of painful skin irritation including raw, open wounds, from her lower back through her genital area, and through her legs, resulting in a severe fungal infection and cellulitis."  *Id.* ¶ 12.  On June 5, 2022, Plaintiff was taken to a local hospital by ambulance, where she was treated for ". . . severe skin breakdown from being left in soiled diapers with feces/urine at nursing home . . ."  *Id.* ¶¶ 21, 25.  Based on the allegations, Plaintiff asserts claims of professional negligence and corporate negligence against Manor Care North.  *Id.* ¶¶ 31-42, 43-48.

## III.    LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff.  *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).  The "court[ ] generally consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim" when considering a motion to dismiss.  *Lum v. Bank of Am.*, 361 F.3d 217, 222 n. 3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional Rule 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 (1957)).

## IV.     DISCUSSION

Defendant's partial motion seeks to dismiss Plaintiff's claim against Defendant for *res ipsa loquitor* and to strike Paragraphs 47 and 48 of her Complaint. ECF No. 15 at 1. Initially, Manor Care North contends that "[t]his Court should follow the longstanding precedent in the Western District of Pennsylvania, and dismiss Plaintiff's allegations of *res ipsa loquitor* with prejudice as the doctrine is not a cause of action for which relief can be granted." ECF No. 16 at 9. Concomitantly, Manor Care North argues that "Plaintiff has not pled facts sufficient to set forth the threshold for the evidentiary inference that *res ipsa loquitor* was intended to create," such that "Plaintiff's claim against Defendant for *res ipsa loquitur* should be dismissed with prejudice." *Id.* at 9-11. Plaintiff responds that she "did not plead the *res ispa* language as a separate cause of action, but as a supplement to an already adequately pled corporate negligence count." ECF No. 19 at 4.

Plaintiff is correct that her Complaint does not include an independent cause of action for *res ipsa loquitur*. Indeed, the parties seem to agree that the doctrine of *res ipsa loquitur* is an evidentiary tool that allows for an inference of negligence under certain conditions. *See* Restatement (Second) of Torts Section 328D. As the Supreme Court of Pennsylvania has explained,

> *Res ipsa loquitur* allows juries to infer negligence from the circumstances surrounding the injury. *Res ipsa loquitur,* meaning literally 'the thing speaks for itself,' is 'a shorthand expression for circumstantial proof of negligence—a rule of evidence.' *Gilbert v. Korvette, Inc.,* 457 Pa. 602, 327 A.2d 94, 99 (1974). It is a rule that provides that a plaintiff may satisfy his burden of producing evidence of a defendant's negligence by proving that he has been injured by a casualty of a sort that normally would not have occurred in the absence of the defendant's negligence. WILLIAM L. PROSSER, LAW OF TORTS §§ 39, 40 (4th ed.1971) (calling *res ipsa loquitur* a "simple matter of circumstantial evidence").

*Quinby v. Plumsteadville Fam. Prac., Inc.*, 907 A.2d 1061, 1071 (Pa. 2006). *See also Toogood v. Owen J. Rogal, D.D.S., P.C.*, 824 A.2d 1140, 1149-50 (Pa. 2003) (holding that before *res ipsa loquitur* may be invoked, plaintiffs must meet the three conditions outlined in Restatement (Second) of Torts § 328D). *Cf. Flynn v. Langfitt*, 710 F. Supp. 150, 150-51 (E.D. Pa. 1989) (dismissing claim of *res ipsa loquitur*, recognizing that "'*res ipsa loquitur* is neither a rule of procedure nor one of substantive tort law. . . . it was only a short-hand expression for circumstantial proof of negligence—a rule of evidence'") (quoting *Jones v. Harrisburg Polyclinic Hospital*, 436 A.2d 1137, 1138 (Pa.1981).

Plaintiff is also correct that *res ipsa loquitur* does not need "to be pleaded in the complaint or noticed by specific designation to the adverse party at a pre-trial or at trial." *Banks v. Ashland Oil Co.*, 127 F. Supp. 2d 679, 682 (E.D. Pa. 2001) (citing *Hollywood Shop, Inc. v. Pa.*

4

*Gas & Water Co.*, 411 A.2d 509, 513 (Pa. Super. 1979) (citing *Fassbinder v. Pa. R. Co.*, 322 F.2d 859, 863 (3d Cir. 1963)) (cleaned up).  The *Banks* court also determined that "the federal courts' liberal pleading standard does not preclude a party from including a reference to *res ipsa loquitur* in a *claim* of negligence." *Id.* (emphasis added).  *See also Donnelly v. Kole*, No. 2:10-CV-2682, 2010 WL 11711522, at *2 (E.D. Pa. Oct. 15, 2010); *Robbins v. Greyhound Lines, Inc.*, No. 08-2724, 2008 WL 4522485, at *2 (E.D. Pa. Oct. 7, 2008).

Thus, because Plaintiff has not presented a claim for *res ipsa loquitur* as a separate and independent cause of action in her Complaint there is no basis for the dismissal of such a claim. Additionally, the Court observes that Manor Care North has not moved to dismiss Plaintiff's corporate negligence claim at Count II of the Complaint but only seeks to strike the paragraphs therein that signal Plaintiff's intention to rely on the doctrine of *res ipsa loquitur* – in whole or in part – to advance her claim.  At this early stage of the proceedings, the Court does not agree that Plaintiff's pleadings warrant such drastic action where courts have found no bar to including a reference to *res ipsa loquitur* in a claim of negligence.  *See Banks*, 127 F. Supp. 2d at 682.

Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because Manor Care North has not moved to dismiss Count II, there is nothing "redundant, immaterial, impertinent, or scandalous" in Paragraphs 47 and 48 – including any reference to *res ipsa loquitur* – that would compel these paragraphs to be stricken.  Thus, the Court declines to do so. *See Banks*, 127 F. Supp. 2d at 682 ("Because there is no requirement that *res ipsa loquitur* be pled separately or pled at all and because this court does not find its inclusion "redundant,

immaterial, impertinent, or scandalous" under Rule 12(f), the court will deny [defendant's] request to strike [this paragraph] from [plaintiff's] complaint").

Accordingly, Manor Care North's Partial Motion to Dismiss will be denied.

## V.   CONCLUSION

For the above reasons, Defendant's Partial Motion to Dismiss is denied.

An appropriate Order will follow.

Dated:  November 4, 2025                    **BY THE COURT**

                                                 s/ Kezia O. L. Taylor
                                                KEZIA O. L. TAYLOR
                                                United States Magistrate Judge